## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **DEAN MOSTOFI,** *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| **v.** | * | Case No. RWT 12-cv-2398 |
| | * | |
| **CAPITAL ONE, N.A.,** *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## <u>MEMORANDUM OPINION</u>

### <u>Background</u>

On October 24, 2011, Plaintiffs, Dean Mostofi and Young Sun Kim, filed a *pro se* Bill of Complaint in the Circuit Court for Montgomery County, Maryland, against Defendants, Capital One, N.A. ("Capital One"), and Capital One employees Jon Duckworth and Tina Register.  (Doc. No. 2).  Plaintiffs assert that Defendants took unlawful action with respect to Plaintiffs' joint checking account, primarily by enforcing a withholding order issued by an out-of-state garnishor against Plaintiffs' account in Maryland.  (Doc. No. 17-2, ¶ 7).

On June 15, 2012, Plaintiffs filed an Amended Bill of Complaint against Defendants in State court.  *Id.* ¶ 5.  Defendants concede that the "case stated by the First Amended Complaint was not removable in that it did not meet diversity jurisdiction requirements and did not contain a federal question."  *Id.*  On August 2, 2012, Plaintiffs filed their Second Amended Complaint against Defendants in State court.  *Id.* ¶ 6.  Plaintiffs' Second Amended Complaint included, for the first time, an assertion in Count Ten that Defendants violated the federal Electronic Fund Transfer Act ("E.F.T.A."), 15 U.S.C. §§ 1693-1693r.  *See* Doc. No. 1, ¶¶ 6-7; Second Am. Compl., Doc. No. 7, Count Ten, ¶¶ 105-110.

On August 13, 2012, Defendants removed Plaintiffs' State court action to this Court under 28 U.S.C. §§ 1441, 1446, claiming that Plaintiffs' E.F.T.A. allegations in their Second Amended Complaint create a "federal question" such that this Court has original jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction over the remaining State law claims under 28 U.S.C. § 1367.  (Doc. No. 1, ¶¶ 7-11).  Also on August 13, 2012, however, Plaintiffs filed in State court their Third Amended Complaint, which does not include any E.F.T.A. allegations or other claims based on federal law.  *See* Doc. Nos. 15-11, 17-2.

On August 27, 2012, Defendants filed a Motion to Strike the Third Amended Complaint. (Doc. No. 16).  Defendants argue that Plaintiffs' Third Amended Complaint is not in conformity with applicable procedural rules because Plaintiffs did not file a copy of the amended pleading in which the stricken material and new material are properly identified.  *Id.* ¶ 2.  Defendants claim that Plaintiffs did not file their Third Amended Complaint in State court in the manner required by Md. Rule 2-341(e), which carries similar requirements to those found in this Court's local rules.  *Id.* ¶ 4.

Based on the absence of any federal law claims in their Third Amended Complaint, Plaintiffs filed in this Court a Motion to Remand on September 7, 2012.  (Doc. No. 17). Plaintiffs claim, and supply exhibits to support, that they filed their Third Amended Complaint in State court on August 13, 2012, at 8:20 a.m.  *Id.* at 1; *Id.* Ex. A, Doc. No. 17-2.  Plaintiffs maintain that Defendants filed their Notice of Removal in State court over three hours later on August 13, 2012, at 11:34 a.m.  *Id.* at 2.  Plaintiffs include as exhibits to their Motion time-stamped copies of their Third Amended Complaint and Defendants' Notice of Removal in State court.  *Id.* Ex. A, Doc. No. 17-2; *id.* Ex. C, Doc. No. 17-4.  Plaintiffs argue that their Third Amended Complaint is the operative complaint for removal, it includes State law claims but no

federal law claims, and therefore this Court lacks jurisdiction and should remand the action to State court. (Doc. No. 17 at 3). On September 7, 2012, Plaintiffs also filed a Motion to Stay Briefing Schedule of Capital One, N.A.'s Motion to Strike Third Amended Complaint. (Doc. No. 18).

Defendants filed an Opposition to Plaintiffs' Motion to Stay Briefing Schedule of Capital One, N.A.'s Motion to Strike Third Amended Complaint on September 21, 2012. (Doc. Nos. 19, 20). On the same date, Defendants filed an Opposition to Plaintiffs' Motion to Remand. (Doc. No. 21). Plaintiffs filed a Reply to Defendants' Opposition to Plaintiffs' Motion to Remand (Doc. No. 22), and a Reply to Defendants' Opposition to Plaintiffs' Motion to Stay Briefing Schedule of Capital One, N.A.'s Motion to Strike Third Amended Complaint (Doc. No. 23) on October 9, 2012. On October 12, 2012, Plaintiffs filed an Opposition to Capital One's Motion to Strike Third Amended Complaint. (Doc. No. 24). On October 31, 2012, Capital One, N.A. filed a Reply to Plaintiffs' Opposition to Motion to Strike Third Amended Complaint. (Doc. No. 25). Finally, on November 8, 2012, Plaintiffs filed a Motion for Leave to File a Surreply to Capital One, N.A.'s Reply to Plaintiffs' Opposition to Motion to Strike Third Amended Complaint. (Doc. No. 26).

## **Standard of Review**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by . . . the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the

3

removal.  A certified copy of the order of remand shall be mailed by the clerk to the clerk of the

State court."  *Id.* § 1447(c).  The Court is "obliged to construe removal jurisdiction strictly

because of the 'significant federalism concerns' implicated."  *Dixon v. Coburg Dairy, Inc.*, 369

F.3d 811, 816 (4th Cir. 2004) (quoting *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d

148, 151 (4th Cir. 1994)).  "If federal jurisdiction is doubtful, a remand is necessary."  *Mulcahey*,

29 F.3d at 151.

<u>**Analysis**</u>

Defendants claim that on Friday, August 10, 2012, they "(i) sent the Notice of Removal

for filing with this Court; (ii) sent the Notice of Filing Notice of Removal for filing with the

Circuit Court for Montgomery County; and (iii) and served Plaintiffs with a copy of the Notice

of Removal and the Notice of Filing Notice of Removal."  (Doc. No. 21 at 2).  Defendants assert

that on the same day, "counsel for Defendants, in good faith and to allow Plaintiffs to avoid

unnecessary expense, sent a courtesy e-mail to Plaintiffs for the purpose of alerting Plaintiffs that

the Defendants had sent a Notice of Removal for filing to this Court."  *Id.*  Defendants maintain

that on Monday, August 13, 2012, "Plaintiffs raced to the Circuit Court for Montgomery County

in an attempt to file a third amended complaint, removing" their federal law claim.  *Id.*

Defendants argue that Plaintiffs' Second Amended Complaint, which includes the federal

law-based E.F.T.A. allegations, is the operative complaint, as Plaintiffs' Third Amended

Complaint "was not properly filed with the state court because Plaintiffs failed to file at the same

time a comparison copy of the amended pleading."  *Id.* at 3.  Defendants assert that Plaintiffs'

Third Amended Complaint "must be stricken in its entirety for failure to comply with both Md.

Rule 2-341(e) and [this Court's] Local Rule."  *Id.*; *see* Md. Rule 2-341(e) ("Unless the court

orders otherwise, a party filing an amended pleading also shall file at the same time a

comparison copy of the amended pleading showing by lining through or enclosing in brackets material that has been stricken and by underlining or setting forth in bold-faced type new material."); Local Rule 103.6(c) (D. Md.) ("Unless otherwise ordered by the Court, the party filing an amended pleading shall file and serve (1) a clean copy of the amended pleading and (2) a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type.").

Federal courts and Maryland courts have materially different rules with respect to amendment of pleadings.  In federal courts, "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it," but in "other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(1)-(2). Thus, when leave is required, the amended pleading is not deemed filed until leave is granted.

In Maryland courts, "[a] party may file an amendment to a pleading without leave of court by the date set forth in a scheduling order or, if there is no scheduling order, no later than 30 days before a scheduled trial date."  Md. Rule 2-341(a).  Put simply, in Maryland courts leave to amend is <u>not</u> required, while in federal courts leave is required.  Thus, the "red-line" issue (i.e., the requirement that Plaintiffs must file a copy of an amended pleading clearly identifying stricken and new material) is a red herring.

The red-line version is not to be confused with, nor is it part of, an amended complaint, but rather is a supplemental paper designed to assist the Court and opposing counsel in understanding the changes made.  Plaintiffs' Third Amended Complaint under Maryland Rules was effective when filed and leave of Court was not required.  Any issue with respect to the failure to file a red-line copy can be addressed by an order directing that it be filed.

"[O]n a challenge of jurisdictional allegations, '[t]he party seeking removal bears the

burden of demonstrating that removal jurisdiction is proper.'" *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) (quoting *In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006)). "[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It is evident from the face of Plaintiffs' Third Amended Complaint, as explained in Plaintiffs' Motion to Remand, that Plaintiffs' Third Amended Complaint is devoid of any federal claim. *See* Doc. No. 17 at 1-2; Doc. No. 17-2. It is also clear from the time-stamped copies accompanying Plaintiffs' Motion to Remand that the clerk of the Circuit Court for Montgomery County accepted for filing Plaintiffs' Third Amended Complaint on August 13, 2012, at 8:20 a.m., and accepted for filing Defendants' Notice of Removal later that morning at 11:34 a.m. (Doc. Nos. 17-2, 17-3, 17-4). This Court considers the complaint "at the time of removal to determine if removal was appropriate," *Merritt Blvd., Inc. v. Dep't of Permits & Dev. Mgmt. of Baltimore Cnty.*, 60 Fed. App'x 944, 945 (4th Cir. 2003), which, by a few precious hours, was Plaintiffs' Third Amended Complaint.

This Court will not question the Circuit Court for Montgomery County's decision to accept for filing Plaintiff's Third Amended Complaint, nor will it decide whether the complaint satisfies Md. Rule 2-341, and, if not, what, if any, relief would be appropriate. A Maryland State court is the appropriate tribunal to resolve this case, which includes nine-counts of State law causes of action and no federal question. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). The Court concludes that it lacks subject matter jurisdiction over the claims in this matter, and it will therefore grant Plaintiffs' Motion to Remand.

**<u>Conclusion</u>**

For the foregoing reasons, the Court will grant Plaintiffs' Motion to Remand (Doc. No. 17), and deny as moot the following motions:  Plaintiffs' Motion to Stay Briefing Schedule of Capital One, N.A.'s Motion to Strike Third Amended Complaint (Doc. No. 18); and Plaintiffs' Motion for Leave to File a Surreply to Capital One, N.A.'s Reply to Plaintiffs' Opposition to Motion to Strike Third Amended Complaint (Doc. No. 26).  Defendants' Motion to Strike Third Amended Complaint (Doc. No. 16) will be left for decision by the Circuit Court for Montgomery County, Maryland.  A separate order will follow.

Date: <u>February 25, 2013</u>                     <u>          /s/          </u>
                                                    ROGER W. TITUS
                                                    UNITED STATES DISTRICT JUDGE